*Stillwell,* 42 Misc. 346, affd. 93 App. Div. 613, affd. 182 N. Y. 538; *Prescott* v. *Le Conte,* 83 App. Div. 482.) As to whether respondents had informal notice and knowledge of the suit, there is no finding, the memorandum merely stating that the evidence of any notice is disputed and that the nature of such notice " even if given " is indefinite. In the absence of a definite finding of notice or lack of notice to the respondents, we are unable to review the judgment. All concur. (Appeal from a judgment of Chautauqua Trial Term dismissing the complaint in an action for damages for an alleged breach of warranty of title to realty.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD B. NICKERSON, Appellant.— Order affirmed. Memorandum: There is ample evidence to sustain the finding of the County Court that at the times of the defendant's arraignment, plea, sentence, and resentence he was capable of understanding the charges against him and of making his defense thereto, without considering the testimony of the witness Namishia, which should have been excluded under section 353 of the Civil Practice Act. (*People* v. *Shapiro,* 308 N. Y. 453; 58 Am. Jur., Witnesses, p. 272.) All concur. (Appeal from order of Onondaga County Court denying defendant's application for a writ of error *coram nobis.*) Present— McCurn, P. J., Kimball, Wheeler, Van Duser and Williams, JJ.

■ FRANK CALI, Appellant, v. GLENN I. REYNOLDS, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of evidence. All concur, except Wheeler and Van Duser, JJ., who dissent and vote for affirmance. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Kimball, Wheeler, Van Duser and Williams, JJ.

■ MARY A. TORNATOLA, as Administratrix of the Estate of FRANK TORNATOLA, SR., Deceased, Appellant, v. GLENN I. REYNOLDS, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of evidence. All concur, except Wheeler and Van Duser, JJ., who dissent and vote for affirmance. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Wheeler, Van Duser and Williams, JJ.

■ In the Matter of A. JOSEPH FAULISI, Petitioner, against BOARD OF POLICE COMMISSIONERS OF THE CITY OF CORNING et al., Respondents.— Determination confirmed insofar as it sustains charges filed against petitioner; determination annulled insofar as it removes petitioner from his position as patrolman, on the ground that the removal of petitioner from the police force constitutes an abuse of discretion in imposing the measure of punishment under subdivision 5-a of section 1296 of the Civil Practice Act, and matter remitted to the board of police commissioners of the City of Corning to fix the punishment, penalty, or discipline in accordance with the Civil Service Law. All concur. (Review of the action of the board of police commissioners of Corning, New York, in removing petitioner from his position as patrolman, which proceeding was transferred to the Appellate Division for determination by order of Steuben Special Term.) Present — McCurn, P. J., Vaughan, Wheeler, Van Duser and Williams, JJ.

■ In the Matter of the Probate of the Will of HELEN D. THOMS, Deceased. JANET T. INGERSOLL, Appellant; CHARLES D. THOMS et al., Respondents.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Vaughan, Kimball and Wheeler, JJ. [See 286 App. Div. 1146.]